HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NICOLE JOHNSON RIVERSON, LITTLE TOTS CHILDCARE, STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, JAMES CURTIS and LEILA CURTIS, husband and wife and their marital community composed thereof, and JAMES CURTIS, as guardian of S.C., a minor,<br><br>Defendants. | CASE NO. 3:10-cv-05366 RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>[DKT. # 23] |

THIS MATTER is before the Court on Plaintiff Allstate's Motion for Summary Judgment. [Dkt. #23]. This Declaratory Judgment action arises from claims of sexual abuse at a day care. Allstate seeks judgment as a matter of law that the Homeowners Policy it issued to Defendant Riverson does not provide coverage for the underlying claims of Defendants James and Leila Curtis, parents of the child that Riverson's daughter allegedly abused.

# I. FACTUAL SUMMARY.

Defendant Nicole Johnson Riverson operated a licensed child care business, Defendant Little Tots Childcare, out of her home in Tacoma, Washington. The Curtises allege that on July 30, 2009, Riverson's 13-year old daughter, J.J., sexually abused their son, four-year old S.C., in the swimming pool and bathroom. J.J. pled guilty to indecent exposure in Pierce County Juvenile Court and was sentenced to six months probation.

At the time of the incident, Riverson was insured by Allstate's Deluxe Plus Homeowners Policy, which included a Home Day Care Coverage Endorsement. The Endorsement excludes coverage for damages arising out of sexual molestation:

> **We** do not cover **bodily injury** or **property damage** arising out of sexual molestation, corporal punishment or physical or mental abuse inflicted upon any person by or at the direction of an **insured person**, an employee of an **insured person** or any other person involved in any capacity in the home day care **business**.

Decl. of Douglas F. Foley, Ex. A at 2, 3, 18 [Dkt. #24]. The Policy's Coverages X and Y similarly do not cover damages arising from criminal acts of an insured:

> **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
> a) Such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected

[*Id.* at 51, 53]. The policy also includes a joint obligations clause:

> The terms of this policy impose joint obligations on persons defined as an insured person. This means that the responsibilities, acts and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person.

[*Id.* at 33]. The parties do not dispute that the joint obligations clause applies if the exclusion provisions apply.

In February, 2010, the Curtises sued the State of Washington Department of Social and Health Services, Little Tots Childcare, and Riverson in Pierce County Superior Court, alleging negligence, negligent infliction of emotional distress, outrage, violation of the Washington Consumer Protection Act, loss of consortium, breach of contract, and breach of implied warranty.

In May, 2010, Allstate commenced this declaratory judgment action, seeking a determination that its policy does not obligate it to provide defend or indemnify Riverson against the Curtises' claims. This Motion followed.

## II. DISCUSSION.

Allstate argues that its policy does not cover the underlying claims for four reasons. It argues that the Home Day Care Coverage Endorsement excludes coverage for bodily injury arising out of sexual molestation inflicted by an insured person. It claims that the incident in question was not an "occurrence" under the Policy, and that J.J.'s acts fall under the criminal acts exclusion. Finally, it claims that J.J.'s acts are binding on Riverson under the joint obligations clause. Allstate needs to prevail on only one of these arguments to prevail on its motion.

The Curtises argue that the Endorsement does not apply, because it only excludes coverage for bodily injury arising out of sexual molestation inflicted by an insured person *involved in the day care business*, and that J.J. was not so involved. They argue that there is an issue of fact as to J.J.'s intentions, and as to the criminality of J.J.'s acts. And they argue that because J.J was not involved in the day care business, her acts did not trigger the joint obligations clause. The parties do not dispute that J.J. is an "insured person" under the insurance policy.

The standard against which Allstate's Motion must be measured is well-settled and familiar: summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

The Court's task in interpreting an insurance contract is also well-settled: it looks to the whole contract, giving it a fair, reasonable, and sensible construction. *Holden v. Farmers Ins. Co. of Wash.*, 169 Wn.2d 750, 755-56 (2010). Washington law provides that an "[i]nsurance contract should be given a practical and reasonable, rather than a literal, interpretation, and should not be given a construction which would lead to an absurd conclusion or render the policy nonsensical or ineffective." *Wash. Pub. Util. Dists.' Utils. Sys. v. Pub. Util. Dist. No. 1 of Clallam Cnty.,* 112 Wn.2d 1, 11 (1989). Put another way, a court "may not give an insurance contract a strained or forced construction which would lead to an extension or restriction of the policy beyond what is fairly within its terms." *McAllister v. Agora Syndicate, Inc.,* 103 Wn.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 4

App. 106, 109 (2000) (quoting *Tewell, Thorpe, & Findlay, Inc. v. Cont'l Cas. Co.*, 64 Wn. App. 571, 576 (1992)). The rule that ambiguous contract language is to be construed in favor of the insured and most strongly against the insurer should not be permitted to have the effect of making a plain agreement ambiguous. *McAllister*, 103 Wn. App. at 110 (citing *West Am. Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 80 Wn.2d 38, 44 (1971)).

The Curtises are attempting to create an ambiguity in the Day Care Endorsement where no ambiguity exists. The Curtises argue that the proper and plain reading of the exclusion is:

> **We** do not cover **bodily injury** or **property damage** arising out of sexual molestation, corporal punishment or physical or mental abuse inflicted upon any person by or at the direction of:
>
> - an **insured person** [involved in any capacity in the home day care **business**];
>
> - an employee of an **insured person** [involved in any capacity in the home day care **business**];
>
> - or any *other* person involved in any capacity in the home day care **business**.

Def.'s Opp. Mtn. Summ. J. at 8 [Dkt. # 35]. They argue that although J.J. is an insured person, her actions are not excluded under this provision because she was not involved in the home day care business.

They have not provided any evidence or authority to support their interpretation of the sexual molestation exclusion to prevail on a motion for summary judgment. In evaluating similar insurance policy exclusions, Washington courts have recognized that "no reasonable insured could expect that he or she had contracted to be covered for damage an insured causes when one of them molests a child." *Caroff v. Farmers Ins. Co. of Wash.*, 155 Wn. App. 724, 732 (1999). *See Northwest G.F. Mut. Ins. Co. v. Norgard*, 518 N.W.2d 179, 180, 184 (D.N.D. 1994) (interpreting the same provision as excluding an insured person from coverage for sexual molestation by another insured person not involved in the day care business).

It would be unreasonable for Riverson to expect coverage for injury caused by her daughter's sexual misconduct. To interpret the clause "involved in any capacity in the home day care business" as modifying "an insured person" would improperly limit its function as a catch-all phrase excluding anyone not specifically excluded under the definitions of "an insured person" and "an employee of an insured person." Such an interpretation is at odds with the court's holding in *Caroff*. No reasonable insured could expect coverage for pedophiles not involved in the home day care business who are regularly present during the course of business, but no coverage for those who are employed and rarely work.

Even if the Endorsement exclusion did not apply to J.J.'s acts, the Homeowners Policy specifically excludes from coverage those bodily injuries caused by the intentional or criminal acts of an insured person. [*See* Decl. of Douglas F. Foley, Ex. A at 51, 53]. The Ninth Circuit infers intent from sexual molestation of a minor. *Morton by Morton v. Safeco Ins. Co.*, 905 F.2d 1208, 1211 (9th Cir. 1990); *Allstate Ins. Co. v. Gilbert*, 852 F.2d 449, 451 (9th Cir. 1988). There is no question that J.J. was convicted of indecent exposure.

Accordingly, J.J.'s acts are excluded under this provision as a matter of law because they were intentional, criminal acts that caused bodily injury. Finally, because J.J. is an insured person under the policy and her acts are excluded from coverage, the joint obligations clause applies. This clause holds Riverson responsible for the acts of her daughter, and also excluded from coverage. The policy does not cover J.J.'s acts as a matter of law and Allstate is not obligated under the policy to indemnify or defend Riverson against the Curtises.

1  The Plaintiff's Motion for Summary Judgment [Dkt. # 23] is therefore GRANTED and
2  the clerk is instructed to enter judgment in Allstate's favor.
3  IT IS SO ORDERED.
4  Dated this 6th day of June, 2012.

_____

Ronald B. Leighton
United States District Judge

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 7